United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, )<br>)<br>v. )<br>)<br>Osvaldo Avila-Torres, and others, )<br>Defendants. )<br>――――――――――――――――― )<br>)<br>In re: Caliber Home Loans, Inc., )<br>Third-Party Petitioner. )<br>――――――――――――――――― ) | Case No. 17-20148-Cr-Scola |

**Omnibus Order**

Before the Court is the United States' Motion to Dismiss Third Party Petition of Caliber Home Loans, Inc. and Motion to Quiet Title, (the "Motion to Dismiss," ECF No. 101) and Petitioner Caliber Home Loans, Inc.'s ("Caliber" or the "Petitioner") Motion for Relief from the Final Order of Forfeiture, (the "Motion for Relief," ECF No. 109). Having reviewed the parties' submissions and the applicable law, the Court **grants in part and denies in part** the Motion to Dismiss and Motion to Quiet Title (**ECF No. 101**), **denies** Caliber's Petition Pursuant to 21 U.S.C. § 853(n) (**ECF No. 97**) and **denies** the Motion for Relief (**ECF No. 109**).

**1.    Factual and Procedural History**

On or about February 28, 2017, a federal grand jury returned an Indictment against Osvaldo Avila-Torres, Lydia Power Diaz, and Lisley Avila Power (collectively, "Defendants") for conspiracy to commit health care fraud, in violation in 18 U.S.C. § 1349, and several substantive counts of health care fraud, in violation of 18 U.S.C. § 1347. (*See* ECF No. 1.) The Indictment informed the Defendants of the Government's intent to forfeit several assets and the sum of $2,694,660.83, which were identified as the amount of gross proceeds traceable to the commission of the health care fraud offenses alleged in the indictment.

On or about March 8, 2017, the Government filed a *lis pendens* in Miami-Dade County public records, providing notice of the pending criminal action and the possible forfeiture of the real property located at 14140 Cypress Court, Miami Lakes, Florida 33014 ("Subject Property"). (*See* ECF No. 41.) The *lis pendens* further prohibited any claimant from "commencing an action at law or equity

against the United States concerning the validity of any alleged interest in the property . . . except as provided by the provisions of 21 U.S.C. § 853(n)." (*Id.*)

On or about August 14, 2017, the Defendants pleaded guilty to Count One of the Indictment. (ECF Nos. 53, 56, 61.) In their plea agreements, Defendants agreed to forfeit the Subject Property to the United States. (*Id.*)

On September 6, 2017, the Government moved for entry of a Preliminary Order of Forfeiture. (ECF No. 65.) On September 19, 2017, this Court granted that motion. (ECF No. 66.)

By letter dated November 8, 2017, the Government sent notice of this forfeiture action via FedEx ("November 2017 Notice") to Caliber. (*Id.*) That notice was sent to 3701 Regent Boulevard, Suite 200, Irving, Texas 75063 ("Regent Boulevard Address"). (*Id.*) The Regent Boulevard Address is the same address listed for Caliber on the Subject Property's mortgage, and the Government claims that it is also the same address where Caliber previously received notice of a different forfeiture action, in which Caliber timely filed a petition. (*See* ECF No. 111-1, 111-2.) The November 2017 Notice set forth the procedures for filing a petition in the ancillary proceeding and stated that if any petitioner wished to assert an interest in the Subject Property, it was required to do so within thirty days of the receipt of the notice letter, pursuant to 21 U.S.C. § 853(n). (ECF No. 95-1 at p. 1.)

The FedEx return receipt shows that the November 2017 Notice was delivered to a FedEx location at 5000 Hanson Drive Irving, Texas 75038 on November 15, 2017. (ECF No. 111-3 at p. 3.) The return receipt also shows that the notice was signed for and delivered to Caliber. (*Id.*) Thus, Caliber was required to file any petition under section 853(n) within thirty days, or by December 15, 2017.

Caliber did not file a petition by that deadline. But on February 26, 2018, Caliber's then-counsel ("Caliber Attorney #1") reached out to the then assigned Assistant United States Attorney responsible for all forfeiture-related issues in the case ("former AF AUSA") via electronic mail to ask for the Government's position regarding Caliber's decision to initiate foreclosure proceedings against the Subject Property. (ECF No. 111-4 at pp. 2-3.)  In the e-mail, Caliber Attorney #1 acknowledged her awareness of the instant forfeiture proceedings. (*See id.*)

The former AF AUSA responded to the February 26, 2018 email on March 7, 2018, and informed Caliber Attorney #1 that the Government had previously served it with notice of the forfeiture of the Subject Property and that it had thirty days from receipt of that notice to file a petition, and she attached a copy of the November 2017 Notice. (*Id.*) The former AF AUSA also informed Caliber Attorney #1 that the Government opposed the filing of a foreclosure action as a result of the forfeiture. (*Id.*)

On April 19, 2018, Caliber Homes filed its Mortgage Foreclosure Action in Miami-Dade County, Case Number 2018 CA 012731 ("Foreclosure Action"). (*See* ECF No. 97 at ¶ 3; ECF No. 97-2.) Caliber named the United States as one of the record owners of the Subject Property as a result of the *lis pendens*. (*Id.* at ¶ 4.)

On September 18, 2018, the Government moved for entry of a Final Order of Forfeiture. (ECF No. 95.) On September 20, 2018, this Court granted that Motion.  (ECF No. 96.)

On November 9, 2018, nearly 11 months after its deadline to file a petition expired, Caliber filed a petition in this case asserting an interest in the Subject Property. (the "Petition," ECF No. 97.) In the Petition, Caliber alleged an interest in the Subject Property as the holder of a mortgage on same dated October 27, 2016.  (*Id.* at ¶ 2.)  The Petition was not signed under penalty of perjury, as required by 21 U.S.C. § 853(n)(3). (*Id.*)

On November 30, 2018, the Government filed a Motion to Dismiss Third Party Petition of Caliber Home Loans, Inc. and Motion to Quiet Title. (ECF No. 101.) In the Motion to Dismiss, the Government argued that: (1) 21 U.S.C. § 853(n) requires dismissal of Caliber's Petition because it was not filed within its thirty-day deadline to do so; and (2) the Court should enter an order quieting title because Caliber's Foreclosure Action violated 21 U.S.C. § 853(k), which requires that parties litigate their alleged interests in property deemed subject to forfeiture pursuant to the procedures set for in 21 U.S.C. § 853(n). (*Id.* at pp. 6-10.)

On January 29, 2019, Petitioner filed a Response to Government's Motion to Dismiss Third Party Petition of Caliber Home Loans, Inc. and Motion to Quiet Title. (ECF No. 108.) On that same day, Petitioner also filed a Motion for Miscellaneous Relief from Final Order of Forfeiture, seeking relief under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(4). (ECF No. 109, collectively, "January 29 pleadings".) In the January 29 pleadings, Caliber claimed that: (1) the November 2017 notice was facially deficient and failed to satisfy the requirements of due process; (2) all subsequent direct communications between the Government and counsel for Caliber were also defective; and (3) the Government was not prejudiced by permitting Caliber to file its petition late.

On February 1, 2019, the Government filed an Omnibus Reply to Caliber Home Loans, Inc.'s Response to Government's Motion to Dismiss and Quiet Title and Response to Caliber Home Loan, Inc.'s Motion for Miscellaneous Relief from Final Order of Forfeiture. (the "Omnibus Response," ECF No. 111.)  In its Omnibus Response, the Government asserted that: (1) the November 2017 notice comported with the requirements of Supplemental Rule G(4)(b) and due process because the November 2017 notice was reasonably calculated to apprise Petitioner of the ancillary proceedings; (2) even if the November 2017 notice was

defective, several email communications show that Caliber had actual notice of the forfeiture proceedings; and (3) the Government is prejudiced by allowing Caliber to file a late claim because it incurs costs for the upkeep of the Subject Property even if the property cannot be sold at this time.

On February 4, 2019, the Court directed the parties to submit proposed orders on the Motion to Dismiss and Motion for Relief and to include the parties' positions on Caliber's compliance with 21 U.S.C. § 853(n)(3). (ECF No. 112.)

## 2.   Discussion

### A.   Caliber's Motion for Relief from Final Order of Forfeiture

Caliber moves to set aside the final order of forfeiture under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4). (ECF No. 109.) Specifically, Caliber argues "that it is entitled to relief from the Forfeiture Order on the grounds [1] that it is void for lack of due process and/or, [2] to the extent the requirements of due process were met, that Caliber's failure to timely respond to the Government's facially deficient notice was the result of excusable neglect." (*Id.* at ¶ 8.)

"Rule 60(b)(4) provides that a court may relieve a party from a final judgment or order if it finds that the judgment is void." *Madura v. BAC Home Loans Serv., L.P.*, -- F. App'x --, 2019 WL 2142131, *3 (11th Cir. May 15, 2019). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (quoting *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)). "A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." *Id.*

Caliber's Rule 60(b)(4) argument is denied. Under section 853(n)(1), the Government is required "to the extent practicable, [to] provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." 21 U.S.C. § 853(n)(1). Federal Rule of Criminal Procedure 32.2(b)(6)(D) permits the Government to give such notice "in accordance with Supplemental Rule G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure." Supplemental Rule G(4)(iii)(A) requires the Government to send notice "by means reasonably calculated to reach the potential claimant." Further, and most importantly, "a potential claimant who ha[s] actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Fed. R. Civ. P. Suppl. R. G(4)(v).

Caliber is barred from challenging the adequacy of the Government's notice. Caliber had actual notice of this proceeding since at least February 2018. (ECF No. 111-4.) But Caliber filed nothing with the Court before the entry of the

final order of forfeiture on September 20, 2018—six months later—and then waited another four months after that to file the present motion to set aside that final judgment. (ECF Nos. 96, 109.) Because Caliber, with actual notice of these forfeiture proceedings, did nothing to pursue its potential claim until months after the entry of final judgment, Caliber is barred from "seek[ing] relief from forfeiture because of the government's [purported] failure to send the required notice." Fed. R. Civ. P. Suppl. R. (G)(4)(v); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014) ("Because Herrera knowingly sat on his rights for nine months before filing anything at all with the district court, he waived his right to object to any defects in the service of process or to any denial of his right to be heard.").

Caliber's Rule 60(b)(1) argument is likewise rejected. "Rule 60(b)(1) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from final judgment or order upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.'" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). "For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (quoting *Pioneer*, 507 U.S. at 394). This "equitable decision" turns on "all relevant circumstances surrounding the party's omission." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). Four factors are central to this inquiry: (1) "the danger of prejudice to the opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395).

The first three factors weigh against reconsideration. As for "prejudice to the opposing party," the Government claims to be incurring thousands of dollars in costs to maintain the property, which costs will continue to increase the longer a forfeiture sale is delayed. Under the second and third factors, Caliber does not reasonably explain why, with knowledge of these proceedings for over a half-year, it waited until months *after* entry of the final judgment to assert its claimed property interest. And the fourth factor weighs neither for nor against reconsideration. On balance, the Court finds that the *Pioneer* factors do not favor reconsideration under Rule 60(b)(1) in this case.

Caliber's Motion for Relief (**ECF No. 109**) is therefore **denied**.

**B.    The Government's Motion to Dismiss and Motion to Quiet Title**

The Government jointly moves to dismiss Caliber's third-party petition and for an order quieting title to the Subject Property. (ECF No. 101.)

With respect to the motion to dismiss, Federal Rule of Criminal Procedure 32.2(c)(1)(A) states in relevant part that:

> In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

*See* Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss a third-party petition in a forfeiture proceeding prior to a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). *See United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). In adjudicating such a motion, the facts set forth in the petition are assumed to be true and the scope of review is limited to the four corners of plaintiff's pleading. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

Caliber's petition fails to state a claim under 21 U.S.C. § 853(n)(3). Section 853(n)(3) lists the items that must be included in a third-party petition filed in the ancillary proceeding:

> The petition shall be *signed by the petitioner under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (emphasis added). "Federal Court require strict compliance with the pleading requirements of § 853(n)(3)." *United States v. Burge*, 829 F. Supp. 2d 664, 667-67 (C.D. Ill. 2011). And failure to comply with those requirements is grounds for dismissal. *See, e.g., Id.* (holding that a claim signed only by claimant's counsel and not under oath by claimant dismissed for failure to comply with § 853(n)(3)); *United States v. Zamora*, No. 14-20220, 2018 WL 4938717, *2 (S.D. Fla. 2018) (O'Sullivan, Mag. J.), *report and recommendation adopted*, 2018 WL 4938615 (S.D. Fla. 2018) (Lenard, J.) (dismissing motion for return of property that failed to comply with requirements of § 853(n)(3) because it was not signed under penalty of perjury, failed to state the nature of movant's interest in the forfeited property, and did not state the time and circumstances movant acquired an interest in the property); *United States v. Owens*, No. 1:09-cr-0089, 2010 WL 583910, *2-3 (S.D. Ind. 2010) (dismissing claim not filed

under penalty of perjury; because of the substantial danger of false claims, the requirement "is not a mere technical requirement that we easily excuse," and counsel's inexperience is not an excuse for failure to follow "an unambiguous federal rule") (internal citations omitted).

Here, the Petition was not signed under penalty of perjury and, thus, fails to satisfy the pleading requirement of 21 U.S.C. § 853(n)(3). Accordingly, the Government's motion to dismiss is granted and Caliber's petition (**ECF No. 97**) is **dismissed**.

Through the Motion to Dismiss, the Government also seeks the entry of an order to quiet title and recognize the United States as the only legitimate owner of the Subject Property. (ECF No. 101.) Section 853(k) prohibits a "party claiming an interest in property subject to foreclosure under th[at] section" from "commenc[ing] an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under th[at] section." 21 U.S.C. § 853(k)(2). Indeed, "[a]n ancillary proceeding constitutes the *sole* means by which a third-party claimant can establish entitlement to return of forfeited property." *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012). And because "ancillary forfeiture proceeding[s are] designed to quiet title," *United States v. Cone*, 627 F.3d 1356, 1359 (11th Cir. 2010); *In re Rothstein Rosenfeldt Adler, P.A.*, No. 10-03775, 2012 WL 4320479, *5 (Bankr. S.D. Fla. Aug. 30, 2012) ("Ancillary proceedings are essentially quiet title actions."), the entry of a final order of forfeiture gives the Government clear title to forfeited property. *See United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) ("By virtue of its forfeiture judgment and the fact that the time for filing ancillary petitions has run or such proceedings have been concluded, the government succeeds as against the world to the defendant's property. In other words, the government has effectively quieted its title to the defendant's property and owns it outright."), *superseded by rule on other grounds*.

Federal courts recognize the impropriety of commencing a foreclosure action on property listed in an indictment under 21 U.S.C. § 853(k). *See United States v. MacInnes*, 223 F. App'x 549, 553-54 (9th Cir. 2007) (finding that a foreclosure sale is an "action against the United States" and is therefore barred by section 853(k)); *United States v. Phillips*, 185 F.3d 183, 187-88 (4th Cir. 1999) (holding that a third party cannot commence a foreclosure action to recover a lienholder's interest in forfeited real property even though the defendant has stopped paying the mortgage; once the property is forfeited, it belongs to the Government under the relation back doctrine, and any attempt at foreclosure is barred by section 853(k)); *see also United States v. Sec. Marine Credit Corp.*, 767 F. Supp. 260, 262 (S.D. Fla. 1991) (Hoeveler, J.) ("Though in the strictest sense

Claimant's *in rem* foreclosure was brought against the property rather than against the United States, the court believes that the reach of § 853(k) is broad enough to encompass third party *in rem* actions against property owned by the United States.").

Nonetheless, the Government has not brought an action to quiet title and granting such relief at this time is not appropriate, particularly where doing so would have the practical effect of enjoining a state court proceeding. The Government is free to, and should, submit to the state court that it "has effectively quieted its title" to the subject property by operation of federal law and seek appropriate relief in that forum. *Gilbert*, 244 F.3d at 911; 21 U.S.C. § 853(k).

**3.    Conclusion**

In sum, the Court holds as follows:

- The Government's motion to dismiss third-party petition of Caliber Home Loans, Inc. and motion to quiet title (**ECF No. 101**) is **granted in part and denied in part**. The motion to dismiss is granted and Caliber's third-party petition (**ECF No 97**) is **denied** and **dismissed**. The motion to quiet title is **denied** consistent with this opinion.

- Caliber's motion for relief from final order of forfeiture (**ECF No. 109**) is **denied**.

- The **Clerk** is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered**, in Chambers at Miami, Florida on May 20, 2019.

Robert N. Scola, Jr.
United States District Judge